### WEISS v. RIESER.

(Supreme Court, Appellate Term.  February 15, 1909.)

BILLS AND NOTES (§ 481*)—ACTIONS—PLEADING—BONA FIDE PURCHASERS—DEFENSES—"HOLDER IN DUE COURSE."

Under Negotiable Instrument Law (Laws 1897, p. 727, c. 612) § 54, making absence of consideration a defense as against one not a holder in due course, and section 97, subjecting a note in the hands of one other than a holder in due course to the same defenses as if non-negotiable, and section 91, defining a holder in due course to be one who has taken before maturity in good faith for value without notice of any defense, an answer in an action on a check, alleging that the check was an accommodation check, given without consideration, and taken by the first indorsee from the payee with knowledge of that fact, that such indorsee obtained the check from the payee without consideration and by extortion and indorsed the same to another, without consideration, who presented it for payment which was refused and who then indorsed it to plaintiff, without consideration, and that plaintiff took it with knowledge of all the facts connected with its making and successive transfers and dishonor, states a good defense.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 481.*
For other definitions, see Words and Phrases, vol. 4, p. 3320.]

Appeal from City Court of New York, Trial Term.

Action by Albert Weiss against Max G. Rieser.  From an order overruling the answer and directing judgment for plaintiff and from the judgment entered upon the order, defendant appeals.  Reversed, and motion denied.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Laurence Goldberg, for appellant.
John L. Linehan, for respondent.

GILDERSLEEVE, P. J.  The complainant alleges the making on April 27, 1907, of a check by defendant to the order of one Groeschke for $500, and the delivery of said check for value to said Groeschke, the indorsement of said check by Groeschke and its delivery for value to Amalie Weiss, the indorsement of said check by said Amalie Weiss and its delivery for value to J. Bauman & Bro., the due presentation of said check and demand for payment by said J. Bauman & Bro., and the refusal of payment, the indorsement of said check by J. Bauman & Bro., and the delivery of the same for value to the plaintiff, the present owner and holder of the same, the due demand for payment by plaintiff on defendant, and the latter's refusal to pay.  The answer in its first defense admits the making of the check by defendant, but denies

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the delivery of the same for value to Groeschke. It denies that Groeschke indorsed and delivered the check for value to Amalie Weiss, or that the latter indorsed and delivered the check for value to J. Bauman & Bro. It does not deny that J. Bauman & Bro. presented the check for payment, and that payment was refused, but it does deny that J. Bauman & Bro. indorsed and delivered the check for value to plaintiff, or that plaintiff is the owner thereof, and it does not deny that plaintiff has duly demanded payment of defendant or that the latter refused to pay.

The answer then sets up as a second and separate defense that the check was made and delivered to Groeschke without any consideration, and that Groeschke indorsed and delivered it to Amalie Weiss without any consideration, that Amalie Weiss indorsed and delivered it to J. Bauman & Bro. without any consideration, and that J. Bauman & Bro. indorsed and delivered it to plaintiff without any consideration, and the answer further alleges that Amalie Weiss, J. Bauman & Bro., and the plaintiff had full knowledge of the circumstances under which the said check was made by the defendant and indorsed and delivered by Groeschke to Amalie Weiss.

For a third and separate defense the answer reiterates that the check was made and delivered by defendant to Groeschke without any consideration or value therefor, and alleges that "the making of the said check and its indorsement and delivery by the said Henry Groeschke to the said Amalie Weiss was procured by extortion, fraud and duress practised upon the said Groeschke by the said Amalie Weiss," and the answer then goes on to give the details of such extortion, fraud, and duress, which are substantially as follows: On April 27, 1907, Amalie Weiss had said Groeschke arrested on a charge of rape, alleged by defendant to be a false charge, and said Amalie Weiss threatened to prosecute the charge and cause much publicity, unless Groeschke paid her $500. The said Groeschke through fear caused by such threats, and in order to be released from arrest, agreed to pay $500, whereupon the charge of rape was withdrawn, and Groeschke released from arrest. Thereafter Groeschke refused to pay the $500, whereupon Amalie Weiss and her husband Albert Weiss threatened to cause his re-arrest, to prosecute the charge, and cause him much publicity unless he paid the $500. The answer further alleges that Groeschke thereupon asked defendant to make the check in suit, which defendant did, without receiving any value therefor, and that Groeschke thereupon indorsed the check, and delivered the same to Amalie Weiss. The answer then alleges or reiterates that the making of said check, its indorsement by Groeschke, and its delivery to Amalie Weiss was procured by the arrest and threats of further arrest and prosecution upon the alleged charge of rape made by Amalie Weiss and her husband Albert Weiss (the plaintiff herein), as above set forth. The answer further alleges that, while the check was in the possession of Amalie Weiss, the said Henry Groeschke notified and requested defendant to stop payment, and notified Amalie Weiss that payment had been stopped, and that Groeschke repudiated his indorsement and transfer of said check and demanded its return from Amalie Weiss, that defend-

ant is informed and believes that Amalie Weiss, after such notice and repudiation, indorsed and transferred the check to J. Bauman & Bro., and that the said J. Bauman & Bro. paid no value or consideration for the transfer of such check to them, that said J. Bauman & Bro. indorsed and delivered said check to plaintiff, and that the latter paid no value or consideration for the transfer of such check to him.

The answer finally alleges that plaintiff was a party to the scheme to extort money from said Groeschke, and had full knowledge of all the facts and circumstances under which the said check was made by defendant and indorsed and delivered by said Groeschke to said Amalie Weiss, and had full knowledge of the fact that payment thereon had been stopped and refused, and that the indorsement and delivery of the said check by said Henry Groeschke to the said Amalie Weiss had been repudiated by said Groeschke. Plaintiff made a motion for an order overruling the answer as frivolous and for judgment thereon. This motion was granted, upon the ground that "the denials in the answer raise no issue upon which the plaintiff must make proof for recovery, and the defenses are inadequate to defeat the claim upon a negotiable instrument." From the order and judgment entered thereon, defendant appeals.

It seems to us that the defenses of fraud and duress, if available at all, could only be made so by Groeschke, as there is nothing in the answer to indicate fraud or duress exercised upon defendant. The latter apparently made his check to get his friend Henry Groeschke out of the trouble arising from the charge of rape made against him by Amalie Weiss and free him from arrest, but, as soon as the charge had been withdrawn, upon the delivery of the check to Amalie Weiss, defendant stopped payment on it, having thus secured the release of his friend Groeschke without paying anything for it. Taking all the denials and allegations of the answer as true, which we must do where the answer is overruled as frivolous, we fail to see that any valid defense of fraud and duress has been presented by the maker of the check. If the check was an accommodation one and given for a particular purpose, it is clear that it was not diverted from such purpose by the payee. There was no fraud upon defendant, who gave it with full knowledge of the facts, and, as we have said, the duress, if any, was exercised upon Groeschke, not on defendant, who does not claim to have received any particular benefit from the release of Groeschke or suffered any prejudice by reason of Groeschke's arrest and threatened prosecution, and was, presumably, under no compulsion to make the check or secure the release of Groeschke. As stated in section 3 of the negotiable instrument law (Laws 1897, p. 733, c. 612).

"The drawer by drawing the instrument admits the existence of the payee and his then capacity to indorse, and engages that on due presentment the instrument will be accepted and paid."

Had the answer contained only the allegations of fraud and duress, it would, under the facts alleged, have presented no legal defense on the part of defendant. The answer, however, as we have seen, shows that the check was an accommodation check, given for no consideration by defendant to Groeschke, and was taken by Amalie Weiss from

Groeschke with full knowledge of that fact; that she herself obtained the check from Groeschke without consideration and by extortion, and delivered the same to Bauman & Bro., who took it without consideration, presented it for payment, and was refused payment and transferred it without consideration to plaintiff; and that plaintiff took it with full knowledge of all the facts connected with its making and successive transfers and dishonor at the bank. Absence of consideration is a matter of defense as against any person not a holder in due course. Negotiable Instrument Law (Laws 1897, p. 727, c. 612) § 54. A holder in due course is one who has taken the instrument under the following conditions: (1) That it is complete and regular on its face; (2) that he became the holder of it before it was overdue and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument nor defect in the title of the person negotiating it. Negotiable Instrument Law (Laws 1897, p. 732, c. 612) § 91. In the hands of any holder other than a holder in due course a negotiable instrument is subject to the same defenses as if it were nonnegotiable. Negotiable Instrument Law (Laws 1897, p. 732, c. 612) § 97. In other words, the holder of a check is not entitled to the benefit of the rule of law forbidding the validity of a negotiable instrument being questioned, if he has not taken it in good faith, in the usual course of business, for value, and without notice of any facts affecting its validity. National Bank v. Diefendorf, 123 N. Y. 191, 25 N E. 402, 10 L. R. A. 676. Applying the above principles to the answer in suit, we find that it was error to hold it to be frivolous, especially in view of the rule that only those pleadings that appear so clearly frivolous on their face as to obviate any necessity for argument should be overruled as frivolous, and judgment given thereon.

The order overruling the answer and the judgment entered thereon must be reversed, with costs, and the motion denied, with $10 costs and disbursements.

GIEGERICH and SEABURY, JJ., concur in result.